1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8
9

JEAN MARIE BARTON, BYRON LEE
BARTON, INDIVIDUALLY AND ON
BEHALF OF ALL OTHERS SIMILARLY
SITUATED,

                Plaintiffs,

       v.

JPMORGAN CHASE BANK, N.A.,
QUALITY LOAN SERVICE CORP. OF
WASHINGTON AND TRIANGLE
PROPERTY OF WASHINGTON,

                Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

No. 2:17-cv-01100 RAJ

ORDER

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

     This matter comes before the Court on Defendant JPMorgan Chase, Bank, N.A. ("Chase")'s Motion to Dismiss. Dkt. # 12. Defendant Quality Loan Service Corp. of Washington ("Quality Loan") joins the motion. Dkt. # 13. The Court, having considered the papers submitted in support of and in opposition to these motions, finds that the motions should be **GRANTED**.

     This is the fourth time Plaintiffs have attempted to bring this lawsuit. This current lawsuit is not materially different or distinct from Plaintiffs' third attempt at litigating their claims. This suit involves the same parties and claims as the prior

lawsuit, claims that were actually litigated and resulted in a final judgment on the merits. Moreover, any new claims in this lawsuit could have been raised in the prior lawsuits. Both claim preclusion and issue preclusion apply here. *See Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003) ("Res judicata is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties.") (citations omitted); *Sprague v. Spokane Valley Fire Dep't*, 189 Wash. 2d 858, 899, 409 P.3d 160, 183 (2018) ("The court considers four factors to determine whether collateral estoppel applies: (1) identical issues; (2) a final judgment on the merits; (3) the party against whom the plea is asserted must have been a party to or in privity with a party to the prior adjudication; and (4) application of the doctrine must not work an injustice on the party against whom the doctrine is to be applied.") (internal quotations and citations omitted).[1] Accordingly, the Court **GRANTS** Defendants' motions and dismisses Plaintiffs' claims as they were, or could have been, brought in prior actions. Dkt. ## 12, 13.

DATED this 11th day of May, 2018.

*Richard A Jones*
_____
The Honorable Richard A. Jones
United States District Judge

---

[1] The prior lawsuit remained in state court and therefore the Court applies Washington's law of collateral estoppel. *In re Bugna*, 33 F.3d 1054, 1057 (9th Cir. 1994) ("In determining the collateral estoppel effect of a state court judgment, federal courts must, as a matter of full faith and credit, apply that state's law of collateral estoppel.").

ORDER – 2