THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JEAN MARIE BARTON, BYRON LEE BARTON, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,

Plaintiffs,

v.

JPMORGAN CHASE BANK, N.A., QUALITY LOAN SERVICE CORP. OF WASHINGTON AND TRIANGLE PROPERTY OF WASHINGTON,

Defendants.

No. 2:17-cv-01100 RAJ

ORDER

On May 11, 2018, this Court granted Defendant JPMorgan Chase, Bank, N.A.'s ("Chase") Motion to Dismiss on res judicata grounds. Dkt. # 26. On July 12, 2018, Chase filed a Motion for Entry of Separate Judgment under Fed. R. Civ. P. 54 and 58. Dkt. # 27.

ORDER – 1

The Court has considered all of the filings subsequent to Chase's motion, and finds that no other party has filed an opposition to this motion.[1] The Court construes this lack of opposition to the present Motion for Entry of Separate Judgment as "an admission that the Motion has merit. Local Civil Rule 7(b)(2).

Rule 54(b) of the Federal Rules of Civil Procedure permits a district court to enter final judgment on "fewer than all the claims or the rights and liabilities of fewer than all the parties" where there is "no just reason for delay." Fed. R. Civ. P. 54(b). This Court's May 11, 2018 Order, which dismissed Plaintiffs' claims on res judicata grounds (at least as to Chase), is the proper subject for entry of a final judgment. Dkt. # 26. There is no just reason for delay of entry of a final judgment on this Order. Therefore, it is hereby **ORDERED** that Chase's Motion is **GRANTED**. Dkt. # 27. The Clerk of Court shall enter final judgment against Plaintiffs and for Defendant JPMorgan Chase, Bank, N.A.

Moreover, the Court recognizes that although Quality joined Chase's Motion to Dismiss, Defendant Triangle Property of Washington ("Triangle") has not. Dkt. ## 12, 13. Quality also has not filed for separate judgment. Nevertheless, the trial court may *sua sponte* dismiss claims for failure to state a claim without notice or an opportunity to respond where "the plaintiffs cannot possibly win relief." *Sparling v. Hoffman Const. Co.*, 864 F.2d 635, 638 (9th Cir. 1988); *Edwards v. Caliber Home Loans*, No. C16-1466-JCC, 2017 WL 2713689, at *3 (W.D. Wash. June 7, 2017), *aff'd sub nom. Edwards v. Caliber Home Loans, Inc.*, 708 Fed.Appx. 438 (9th Cir. 2018) (dismissing claims against the defendant trustee in a wrongful foreclosure action despite defendant trustee's failure to join in the other defendants' motion to dismiss).

---

[1] The Court observes that's Plaintiffs' "Correspondence," filed at Dkt. # 29, does not purport to oppose Chase's motion. Rather, it appears to reargue, through attached e-mails, Chase's already-decided Motion to Dismiss and attempt to improperly shoehorn in a "Cross Counterclaim of Jean and Byron Barton Plaintiffs' Cross Claim for Summary Judgment Dismissal for Constitutional Article III." This is not a proper motion filing under this Court's Local Rules, does not address this Court's dismissal Order, and was filed two days after the July 23, 2018 response deadline. The Court declines to consider this filing as an "Opposition" to Chase's Motion.

ORDER – 2

Accordingly the Court **ORDERS** Plaintiffs to show cause **within two weeks of the date of this Order** why this matter should not be dismissed as to *all* defendants, including Triangle, for the same reasons outlined in this Court's Order on May 11, 2018. Dkt. # 26. If Plaintiffs do not show cause or make any filing by this deadline, the Court will dismiss Plaintiffs' claims and enter judgment against Plaintiffs as to all Defendants.

DATED this 14th day of August, 2018

_____
The Honorable Richard A. Jones
United States District Judge

ORDER – 3