THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JEAN MARIE BARTON, BYRON LEE
BARTON, INDIVIDUALLY AND ON
BEHALF OF ALL OTHERS SIMILARLY
SITUATED,

Plaintiffs,

v.

JPMORGAN CHASE BANK, N.A.,
QUALITY LOAN SERVICE CORP. OF
WASHINGTON AND TRIANGLE
PROPERTY OF WASHINGTON,

Defendants.

No. 2:17-cv-01100 RAJ

ORDER

On May 11, 2018, this Court granted Defendant JPMorgan Chase, Bank, N.A.'s ("Chase") Motion to Dismiss, finding that Plaintiffs' claims were barred by res judicata. Dkt. # 26. On July 12, 2018, Chase filed a Motion for Entry of Separate Judgment under Fed. R. Civ. P. 54 and 58. Dkt. # 27.

On August 14, 2018, this Court granted Chase's Motion and entered final judgment against Plaintiffs and for Chase. Dkt. # 33. This Court also instructed Plaintiffs to show cause within two weeks of the date of the Order why this matter should not be dismissed as to the other defendants, Quality Loan Service Corp. of Washington ("Quality") and Triangle Property of Washington ("Triangle"), for the

ORDER – 1

same res judicata reasons outlined in this Court's Order on May 11, 2018 (Dkt. # 26). *Id*. The Court explicitly warned Plaintiff that if they failed to make such a showing as to Quality and Triangle, the Court would "dismiss Plaintiffs' claims and enter judgment against Plaintiffs as to all Defendants." *Id*. at 3.

Over three weeks have passed, and Plaintiffs have made three filings: an "Answer to Chase Claims" (Dkt. # 35), an "Amended Answer to Chase Claims and Judge's Proposed Order re Answer to Chase Claims" (Dkt. # 36), and an untimely "2nd Amended Answer" (Dkt. # 37). The two timely filings are nearly identical. Both filings essentially reargue Plaintiffs' case against Chase (who has already been dismissed), and do not purport to address this Court's August 14, 2018 Order or res judicata in any form. Dkt. ## 35, 36. These filings also do not address the claims against Quality or Triangle. The only reference to Quality is in an e-mail attached as an exhibit, where Quality is apparently named in the title of a 2014 article. Dkt. # 35 at 15; Dkt. # 36 at 18. The only reference to Triangle is an unsupported allegation that Triangle towed and sold the Bartons' truck and motor cycle. Dkt. # 35 at 5-6; Dkt. # 36 at 8-9. Neither filing addresses the fact that both Quality and Triangle were previously defendants in one or more of the Bartons' previously-dismissed lawsuits on these claims. *See, e.g., Barton v. JPMorgan Chase Bank, N.A.*, No. C13-0808RSL, (W.D. Wash. 2013) (Quality and Chase included as defendants); *Barton v. JPMorgan Chase Bank, N.A.*, No. C12-1772JCC (W.D. Wash. 2012) (same); *Barton v. JP Morgan Chase Bank, N.A.*, 196 Wash. App. 1007 (2016) (unpublished) (Chase and Triangle included as defendants). Neither filing addresses the fact that Plaintiff's claims were, or could have been, brought against Quality and Triangle in previous lawsuits. Dkt. # 26. Neither filing presents any reason why this case should continue against Quality or Triangle. The third filing, the "2nd Amended Answer," in untimely per the Court's Order to Show Cause, and although it vaguely alleges that Triangle has

issues with clouded titles, it fails to address why Plaintiff's claims as to Triangle should not be dismissed due to res judicata. Dkt. # 37.

The Court thus concludes that Plaintiff has failed to show cause why this case should not be dismissed as to Quality and Triangle based on the res judicata grounds identified in its May 11, 2018 Order (Dkt. # 26). Where "the plaintiffs cannot possibly win relief." the trial court may *sua sponte* dismiss claims for failure to state a claim. *Sparling v. Hoffman Const. Co.*, 864 F.2d 635, 638 (9th Cir. 1988); *Edwards v. Caliber Home Loans*, No. C16-1466-JCC, 2017 WL 2713689, at *3 (W.D. Wash. June 7, 2017), *aff'd sub nom. Edwards v. Caliber Home Loans, Inc.*, 708 Fed. Appx. 438 (9th Cir. 2018) (dismissing claims against the defendant trustee in a wrongful foreclosure action despite defendant trustee's failure to join in the other defendants' motion to dismiss). Based on the record and Plaintiff's failure to show cause, the Court concludes that Plaintiffs claims against all Defendants are barred for the reasons outlined in its May 11, 2018 Order. Dkt. # 26.

Accordingly, Plaintiffs' claims as to Defendants Quality and Triangle are **DISMISSED WITH PREJUDICE**. The Clerk of Court shall enter final judgment against Plaintiffs and for Defendants Quality and Triangle.

DATED this 6th day of September, 2018

The Honorable Richard A. Jones
United States District Judge

ORDER – 3